GEORGE STOUDINGER and others, appellants,

and

THE MAYOR AND COMMON COUNCIL OF NEWARK, respondents.

The common council of the city of Newark, having the power to construct drains and sewers whenever the public good requires it, and to provide generally for the protection and maintenance of the health of the city, may lawfully, and without compensation to the owners of the fee, use the streets, not only for the purposes of an ordinary sewer, but also for the drainage of any stagnant or running water, whenever the public health, comfort or convenience will be thereby promoted.

On appeal from an order of the vice-chancellor refusing an injunction, reported *ante* p. 187.

*Mr. Joseph Coult* and *Mr. H. C. Pitney*, for appellants.

*Mr. Henry Young*, for respondents.

*Mr. C. Parker*, for the contractors.

DALRIMPLE, J.

The appellees purpose constructing a sewer through Clay street, in the city of Newark. That part of Clay street in which the sewer is laid out, has been dedicated for the purposes of a street. The contention of appellants is, that notwithstanding such dedication, the city has not the right to construct the proposed sewer in the manner they purpose doing, without first making compensation to the appellants for their lands in Clay street which are to be taken. It was conceded in the argument, and such is the decided weight of authority as shown in the opinion of the vice-chancellor, that where lands have been condemned, conveyed, or dedicated for the purposes of a public street, the public has the right, without additional compensation to the owner in

fee of the street, to use the lands already subjected to the public easement, for gas or water pipes, street railways, sewers, or other public purposes which may make the highway more commodious or safe, or which will conduce to the better health, comfort or convenience of the inhabitants of the city in which they are located. The appellants, however, contend that their case is without the general rule, because the so-called sewer which the city purposes to construct on appellants' land, cannot properly be called a sewer, but is only a large drain or artificial water-way, which is to be used not alone for the purposes of a sewer, but to carry off the waters of a natural stream called Mill brook, which is north of Clay street and parallel thereto. The real point, therefore, upon which the appellants must stand is, that the diversion of the waters of Mill brook into the sewer in question, through Clay street, will render the structure essentially different in character from that of a sewer. Hence, it is argued, that the appellants' land not being taken for a sewer, properly speaking, but for an artificial channel for a natural water-course, it is devoted to a public use altogether aside from that for which it was originally given; and the appellants, if the city has any right to use the street for such purpose, must be awarded compensation. Assuming that the result sought legitimately flows from the premises as stated, the question arises whether the latter are fully and correctly given. In considering this part of the case, it must be remembered that it is shown that for years the waters of Mill brook have been foul, noisome, and injurious to the public health, and in fact the stream has, for some time past, been but a large, open sewer, carrying away not only its own waters, but the drainage of other sewers which empty into it, and of outhouses erected over and in proximity to it. Taking into consideration this fact, with the further fact that the proposed sewer is, to some extent at least, to be used for the admittedly legitimate purposes of a sewer for Clay street, I have been unable to see upon what ground the appellants can stand in their contention that the bed of

Clay street is to be taken for such use as will entitle them to compensation. If, as I think there can be no doubt, the work against the erection of which the appellants seek to enjoin the city, is but a sewer, the case is ended. It is not only the right, but the duty, of the municipal authorities to erect and maintain all necessary sewers. If erected in the public streets, the owners of the fee of the streets are not entitled to compensation for the lands taken for such purpose, and which are already burthened with the public easement. The contention of appellants' counsel is, that a sewer is a conduit only to carry away the water which falls upon or naturally flows into the street in which it is constructed. But this definition is too narrow. Otherwise no trunk sewers could be built without special authority given, and upon compensation made to the owners of the fee of the streets. I hold that the common council of the city of Newark, having the power to construct drains and sewers whenever the public good requires it, and to provide generally for the protection and maintenance of the health of the city, (*P. L.* 1857, pp. 133, 162,) may lawfully, and without compensation to the owners of the fee of the streets, use such streets for the drainage of any stagnant or running water whenever the public health, comfort or convenience will be promoted thereby. If council should abuse, or without sufficient reason attempt to exercise the authority thus conferred, I am not prepared to say, in the absence of fraud, that their action can be reviewed by bill in equity.

Whether the city has, as against the riparian owners, the right to divert Mill brook as proposed, need not be considered till some riparian owner complains.

The result is, that the decree below, denying the injunction, must be affirmed, with costs.

Decree unanimously affirmed.